Shah Peerally (CA Bar No: 230818)
Erich Keefe (CA Bar No: 226746)
LAW OFFICES OF SHAH PEERALLY
4510 Peralta Blvd, Suite 23
Fremont, CA 94536
Telephone: (510) 742 5887
Fax: (510) 742 5877

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO, CALIFORNIA**

_____

| | |
|---|---|
| Ha Nguyen ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | |
| Michael Mukasey, Attorney General of the ) | COMPLAINT FOR MANDAMUS |
| United States; Michael Chertoff, Secretary of the ) | TO COMPEL DEFENDANTS |
| Department of Homeland Security; Emilio ) | TO COMPLETE ADJUDICATION |
| Gonzalez, Director of United States Citizenship & ) | OF ADJUSTMENT OF STATUS |
| Immigration Services; Robert S. Mueller, III, ) | APPLICATION |
| Director of the Federal Bureau of Investigations; ) | |
| Christina Poulos, Director of the California Service ) | |
| Center; Robin Barrett, USCIS District Director, ) | A 97 892 567 |
| et al; ) | |
| Defendants ) | |
| _____) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR WRIT IN THE NATURE OF**
**MANDAMUS**

COMES NOW Mrs. Ha Nguyen, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court to following:

1. This action is brought against the Defendants to compel action on an application for lawful permanent resident status properly filed by the Plaintiff. The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on

said application to Plaintiff's detriment.

## PARTIES

2. Plaintiff Ha Nguyen is a 69 year old native and citizen of Vietnam. She entered the United States on or about October 17, 2003 on a tourist visa. Plaintiff submitted form I-485 to the United States Citizenship and Immigration Services (USCIS) San Francisco office on March 22, 2004. Plaintiff attended her USCIS interview on February 15, 2005. At the conclusion of that interview, Plaintiff was told that she should expect to receive her permanent resident card within 90 days. However, as of filing of this complaint, Plaintiff has not received written notice of a decision on her I-485 adjustment of status petition. She has now been waiting three years and eight months for the adjudication of her petition.

3. Defendant Michael Mukasey is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 U.S.C. §1103(a). More specifically, the Attorney General is responsible for the adjudication of applications for adjustment of status filed pursuant to §245 of the Immigration and Nationality Act (INA), 8 U.S.C. §1255. The United States Citizenship and Immigration Service is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

4. Defendant Michael Chertoff, is Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations within the Department of Homeland Security. The United States Citizenship and Immigration Service is an agency within the Department of Homeland Security to whom the Secretary of Homeland Security's authority has in part been delegated, and is subject to his supervision.

5. Defendant, Emilio Gonzalez, is Director of USCIS, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations of USCIS.

6. Defendant, Christina Poulos, is Director of the USCIS California Service Center, and this action is brought against her in her official capacity. She is charged with supervisory authority over all operations of the California Service Center.

7. Defendant, Robin Barrett, USCIS District Director is the official of the United States Citizenship and Immigration Service generally charged with supervisory authority over all operations of the USCIS within her District with certain specific exceptions not relevant here. This action is brought against her in her official capacity. 8 CFR §103.1(g) (2)(ii)(B). As will be shown, Defendant District Director is the official with whom Plaintiff's USCIS applications were properly filed.

8. Defendant, Robert S. Mueller, III, Director of the Federal Bureau of Investigations is charged with Supervisory Authority over all operations of the FBI. Defendant, Robert Mueller, III, is responsible for the completion of the security clearance in Plaintiff's case.

## JURISDICTION

9. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et seq.*, and 28 U.S.C. §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

10. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. More specifically, Plaintiff's application for lawful permanent resident status was properly filed and, to Plaintiff's knowledge, remains pending with the San Francisco USCIS District Director.

## EXHAUSTION OF REMEDIES

11. Plaintiff has exhausted her administrative remedies. Plaintiff has made numerous in-person, telephonic and written inquiries concerning the status of the applications to no avail. Plaintiff has been assisted in her attempt to have her application adjudicated by the staff of Congresswoman, Zoe Lofgren. There are no administrative remedies remaining for the Plaintiff to exhaust, because there is no administrative body to which she can appeal the refusal of the Defendants to perform their ministerial duties.

## CAUSE OF ACTION

12. Mrs. Ha Nguyen's daughter, Tiffany Le, petitioned the Defendant U.S.C.IS on March 26, 2004 to classify her mother as an "immediate relative" pursuant to INA §201(b)(2)(A)(i). Mrs. Ha Nguyen simultaneously submitted an application for adjustment of status pursuant to INA § 245.

13. The petition filed by Tiffany Le was approved by the USCIS on September 1, 2004. On February 15, 2005 Plaintiff attended an interview regarding her adjustment of status application. However, Plaintiff has not received any written notice of decision regarding her application for permanent residence. The application that was submitted for Mrs. Nguyen's husband, Thanh B. Le, was approved, and he became a lawful permanent resident on November 15, 2006. Nonetheless, Mrs. Nguyen's application has not been adjudicated.

14. Mrs. Ha Nguyen's application for adjustment of status has now remained unadjudicated for three years and eight months. See Nadler v. INS, 737 F.Supp. 658 (D.D.C. 1989)(a delay of two years in the processing of an application for adjustment of status was considered unreasonable); Paunescu v. INS, 76 F.Supp. 2d 896, 902 (N.D. ILL. 1999)(mandamus granted for two-year delay in processing adjustment of status application). Yu v. Brown, 36 F. Supp. 2d 922, 935 (D.N.M. 1999) (two and one half year delay is on its face an

unreasonable amount of time to process a routine application and requires an explanation).

15. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said applications have not been adjudicated.

16. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiff's application for over three years, thereby depriving her of the right to a decision on her status and the peace of mind to which she is entitled.

17. Mrs. Ha Nguyen has been further damaged by being deprived of the status of lawful permanent resident during the interminable pendency of her application. Mrs. Ha Nguyen seeks to integrate fully into American life, society and culture. Naturalization as an American citizen, with the rights and privileges inherent therein, depends upon prior permanent resident status for at least 3 years. INA § 319(a), 8 U.S.C. § 1430(a). Mrs. Ha Nguyen is therefore being deprived of the right to accumulate the requisite time as a permanent resident before she is eligible to apply for naturalization, as a direct result of Defendants' failure to timely adjudicate her application to adjust status.

18. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

19. Plaintiff has made numerous status inquiries in an attempt to secure adjudication of her application, all to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

**PRAYER**

20. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully

pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a)     requiring Defendants to adjudicate Plaintiff's applications for adjustment of status within 30 days;

(b)     awarding Plaintiff reasonable attorney's fees; and

(c)     granting such other relief at law and in equity as justice may require.

Dated: December 12, 2007                         Respectfully submitted,

_____
Shah Peerally, Esq.
Attorney for Plaintiffs

_____
Erich Keefe, Esq
Attorney for Plaintiffs

**LIST OF EXHIBITS**

*Exhibit Description*

1. I-797, Notice of Action approving I-130 petition for Ha Nguyen;
2. Letter from USCIS dated February 15, 2005 regarding application for status as permanent resident;
3. USCIS appointment notice for adjustment of status interview on February 15, 2005;
4. USCIS processing sheet dated July 23, 2004 granting Plaintiff's employment authorization;
5. April 25, 2006 letter from Member of Congress, Zoe Lofgren;
6. August 1, 2005 email to FBI regarding the delay in processing the name check for Plaintiff and her husband;
7. March 29, 2006 letter from Zoe Lofgren;
8. Letter from Tiffany Le, Plaintiff's daughter, to USCIS;
9. USCIS Appointment notice for Tiffany Le, Plaintiff's daughter, dated October 19, 2005;
10. USCIS Appointment notice for Tiffany Le, Plaintiff's daughter, dated May 31, 2006;

11. USCIS Appointment notice for Tiffany Le, Plaintiff's daughter, dated October 20, 2006;
12. USCIS Appointment notice for Tiffany Le, Plaintiff's daughter, dated June 1, 2007;
13. USCIS Appointment notice for Tiffany Le, Plaintiff's daughter, dated November 16, 2007.